## Case No. 5,601.

### GOODYEAR DENTAL VULCANITE CO. v. WHITE.

[17 Blatchf. 5; 4 Ban. & A. 437; 8 Reporter, 423.] [1]

Circuit Court, S. D. New York. Aug. 7, 1879.

LIBEL—ANSWER—LEAVE TO AMEND—INADVERTENCY.

In an action for damages for publishing a libel, the answer omitted to deny statements in the complaint as to the manner in which the plaintiff was damaged and as to the amount of the damages sustained. The defendant was allowed to amend the answer, by denying such statements, on the ground that the omission to deny them ought to have been regarded by the plaintiff as inadvertent.

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 4 Ban. & A. 437; and here republished by permission.]

[This was an action at law by the Goodyear Dental Vulcanite Company against Samuel S. White.]

· William A. Beach and William Tracy, for the motion.

Benjamin F. Lee, opposed.

WALLACE, District Judge. The defendant moves for leave to amend his answer so far as to deny certain allegations of the complaint, which, not being denied in the answer, stand as admitted. The action was commenced in May, 1875, and the complaint alleges that the defendant published certain libelous matter concerning a patent of the plaintiff, "knowing that the plaintiff was then offering for sale, and was about offering for sale, licenses or office rights to use said invention under said letters patents, and maliciously contriving to cause it to be believed that the plaintiff was not the lawful owner of the exclusive rights secured by said letters patent, and could not lawfully sell licenses to use said invention, and could not lawfully compel the payment of royalties for the use of the invention, and to prevent the plaintiff from effecting sales of licenses, as aforesaid, to dentists." The complaint further alleges, "that, by reason of the said several false and defamatory publications, great numbers of the dentists, and particularly the persons mentioned in Schedule A, hereto annexed, were dissuaded from purchasing said licenses, and refused, and still refuse, to purchase the same, in consequence thereof," and that the plaintiff has sustained damages in the sum of $75,000. Schedule A sets forth the names and residences of over fourteen hundred dentists, residing in all parts of the United States. To this complaint the defendant interposed a pleading which combined demurrers to each count in the complaint, with pleas of the statute of limitations, and matter in defence which could only be urged in mitigation of damages. The demurrers were noticed for argument from time to time, but the hearing upon the demurrers was delayed, and the decision was not had until October, 1878, at which time the demurrers were overruled, and the pleading permitted to stand as an answer, upon the payment of the costs of the demurrers. The defendant then moved to amend the answer, and the motion was granted, but, upon the hearing of that motion, it was first discovered that the answer, as amended, did not contain a denial of the allegation in the complaint which states, that, by reason of the publications of the defendant, the dentists mentioned in Schedule A were dissuaded from purchasing licenses of the plaintiff, or of the allegation that the plaintiff has sustained damages in the sum of $75,000; and, thereupon, leave was obtained to move for the further amendment now asked for.

It is palpable, that the defendant did not intend to admit the truth of these averments, and that, upon the issue as it now stands, the defendant will be precluded from disputing his liability for very heavy damages. It is urged, in opposition to the motion, that the plaintiff has relied upon the implied admission in the answer, and, resting upon this from 1875 until this motion was made, it has not issued commissions and taken testimony de bene esse, as it otherwise would have done, and, in consequence, by the death, or removal, or forgetfulness of many of the dentists mentioned in Schedule A, it will be unable to produce proof, as to a large number of these dentists, that they were influenced by the defendant's publications, and were thereby dissuaded from taking licenses from the plaintiff; and it is further stated, in the plaintiff's affidavit, that the additional expense of obtaining its testimony at the present time, owing to peculiar circumstances, will be very onerous.

It would be a great hardship upon the defendant to preclude him from controverting so important an issue in the case, in consequence of a slip of his counsel in framing the answer; and the court will struggle against the result, and, in furtherance of justice, give him an opportunity to present the truth of the matter, unless constrained to the contrary because of the countervailing hardship which such action would impose upon the plaintiff.

Was the plaintiff justified in relying upon the implied admission in the answer? Had he a right to suppose that the issue which would eventually be tried was that which was tendered by the answer? Here was a pleading containing demurrers which went to the whole complaint, and also matter by way of defence. By the demurrers the defendant admitted all the facts in the complaint, while, by another part of the pleading, he sought to deny the plaintiff's right to recover. What was the legal effect of such a pleading? A defendant may demur to part of a complaint and answer as to the residue, when the complaint joins several causes of action, but he cannot demur and answer to the same cause of action. He must either demur or answer. Old Code Proc. §§ 143–148, 151. There can be no doubt that the plaintiff could have stricken out either the matter in defence or the demurrers, upon a motion for that purpose. Instead of adopting this course, he preferred to notice the demurrers for hearing. By doing this, he elected to treat the demurrers as the regular pleading on the part of the defendant. Upon the decision overruling the demurrers, unless leave had been given to the defendant to answer, there would have been no answer in the case. This motion, then, is to be considered as though there had never been an answer in the case until leave was given, upon the decision of the demurrers, by which the defendant's pleading was allowed to stand as an answer; and the position of the plaintiff is the same as

though the defendant had then, for the first time, served the answer which he now moves to amend. It is true, the error in the pleading was the fault of the defendant, but the plaintiff has no just cause to complain that he has been prejudiced by relying upon an admission in an answer, when he should have known that, as matter of law, there was no answer in the case.

But, I prefer to place the decision of this motion upon broader grounds, and consider it as though the answer sought to be amended had been the only pleading served, when issue was originally joined in the action. I think the plaintiff's counsel were not justified in the belief that the defendant intended to admit such an important allegation of the complaint, and should have regarded it as inadvertent and a slip in pleading. Defendants who contest the plaintiff's right to recover in an action for a wrong, are not accustomed to accept the plaintiff's own statement of his damages; and, to concede, as was, apparently, done here, that the plaintiff sustained seventy-five thousand dollars damages by reason of a libel, would be such a startling departure from the line of action usually adopted by a defendant, as to suggest, almost necessarily, mistake or igorance. If there had been an express admission in the answer to this effect, it would have excited surprise and incredulity.

Aside from the extraordinary character of the admission, the rest of the answer indicated that the defendant intended to contest the amount of the plaintiff's damages, because, the last defence pleaded in the answer, while inartificially pleaded, was, in substance, a defence by way of mitigation of damages. Under the circumstances, the plaintiff's counsel should have anticipated that a motion to amend the answer would be made at the trial, if not before, and should, also, have assumed that the motion would appeal so strongly to the equitable consideration of the court, that it could hardly be refused. The motion to amend is granted.

[See Case No. 5,602.]